IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY MATTHEW DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0098 |
| | § | |
| SGT/LT/OF CLASSIFICATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff, in custody of the Harris County Jail awaiting trial on charges for burglary of a building, files this *pro se* section 1983 lawsuit claiming that his current security classification in "lock down" housing violates his constitutional rights.[1]

After screening the complaint as required under 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

### *Background and Claims*

Plaintiff was arrested on charges of burglary of a building on June 2, 2012, and was placed in custody of the Harris Count Jail, where he currently remains. He reports that, shortly after his arrival, he received two major disciplinary cases and was punished with sixty

---

[1] Plaintiff also names as defendants jail nurse Martinez, Officer Hendry, and two L.B.J. Hospital physicians, but recites no factual allegations against them. The Court notes that plaintiff's claims against Martinez were dismissed as frivolous in *Davis v. Martinez*, C.A. No. H-12-3598 (S.D. Tex. 2012), and that his claims against Hendry remain pending in *Davis v. Hendry*, C.A. No. H-12-3640 (S.D. Tex. 2012). Plaintiff does not allege that the two physicians are state actors for purposes of raising colorable section 1983 claims against them.

days in lock down. He complains that the sixty days expired in late August 2012, but he has not been reclassified to general population status. Plaintiff seeks $50,000.00 in monetary damages for defendants' failure to reclassify him to general population status.

## *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is subject to dismissal if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff maintains that his continued classification in lock down violates his due process rights. To maintain this due process challenge, plaintiff must establish that his lock down status deprives him of a liberty interest protected by the Fourteenth Amendment. A prison inmate, however, enjoys no protected liberty or property interest in his custodial classification. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992). Consequently, plaintiff has no liberty interest in being classified as a general population inmate. "[A]bsent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional clam because it simply does not

constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation). Moreover, the Fifth Circuit has repeatedly affirmed that prison officials "should be accorded the widest possible deference" in classifying a prisoner's custodial status as necessary "to maintain security and preserve internal order." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification. *Sandin*, 515 U.S. at 484. Cases which have found a segregated confinement sufficiently atypical to implicate a due process liberty interest involved circumstances much harsher or of much greater duration than those presented here. In *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003), the Fifth Circuit held that due process might have been violated where an inmate had been kept on lock down status for thirty years. Further, the Supreme Court has held that a prisoner's transfer to an Ohio "Supermax" facility implicated a liberty interest, in part because the conditions there were "more restrictive than any other form of incarceration in Ohio." *Wilkinson*, 545 U.S. at 214.

Plaintiff's instant challenge to his lock down classification status is premised on a legally nonexistent right; moreover, his classification status does not currently demonstrate "extraordinary circumstances" giving rise to a constitutional issue.

## *Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE for failure to state a viable section 1983 claim. All pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Plaintiff is advised that this dismissal constitutes his third "strike" under section 1915(g), and that he is now barred from proceeding *in forma pauperis* in any future civil lawsuit.[2]

Signed at Houston, Texas on January 17, 2013.

Gray H. Miller
United States District Judge

---

[2] Plaintiff's two prior "strikes" are *Davis v. Martinez*, C.A. No. H-12-3598 (S. D. Tex. 2012), and *Davis v. Rowell*, C.A. No. H-12-3601 (S. D. Tex. 2013).